**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MICHAEL LUTIN, on behalf of himself and others similarly situated, | ) ) Cause No: 1:15-cv-1342 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CLASS ACTION |
| | ) |
| JAVITCH BLOCK, LLC | ) JURY DEMANDED |
| And, | ) |
| TRANSWORLD SYSTEMS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORIGINAL COMPLAINT

Plaintiff Michael Lutin, (hereinafter, the "Plaintiff"), on behalf of himself and all others similarly situated, allege against defendants, Javitch Block, LLC, (hereinafter, "JBL" or "Defendant") and Transworld Systems, Inc. (hereinafter, "TSI" or "Defendant") violations of the Fair Debt Collection Practices Act, 15 USC § 1692i, et seq. (hereinafter, the "FDCPA").

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question).

2.      Venue and personal jurisdiction in this District are proper because defendants' conduct collection activities within this District.

## PARTIES

3.      Plaintiff is an individual who resides in St. Joseph County, Indiana.

4.      JBI is a debt collection law firm that conducts business in the State of Indiana.

---

Original Complaint                                            1 | P a g e

5.      JBI's principle place of business is 1100 Superior Avenue, 19th Floor, Cleveland, OH 44114-1503.

6.      TSI is a debt collection agency and/or servicer of debt that conducts business in the State of Indiana.

7.      TSI's principle place of business is 507 Prudential Rd., Horsham, PA 19044.

8.      JBI and TSI regularly engage in the collection of consumer debts.

## FACTS

9.      This action concerns attempts to collect from the Plaintiff a debt incurred for personal, family or household purposes and not for business purposes (hereinafter "debt").

10.     The underlying debt was a student loan belonging to the Plaintiff's spouse.

11.     Plaintiff was the alleged cosigner for the student loan.

12.     Defendant JBI was retained to collect the debt on behalf of several of the National Collegiate Student Loan Trusts.

13.     TSI is the servicer of the accounts for several of the National Collegiate Student Loan Trusts which include Plaintiff's wife's accounts.

14.     The FDCPA is a federal statute aimed at regulating the debt collection industry and to protect consumers against unscrupulous actions of debt collectors.

15.     Pursuant to 15 U.S.C. 1692(i), in cases where Plaintiff is not looking to enforce an interest in real estate, the Plaintiff must: "bring such action only in the judicial district or similar legal entity—

        (A) in which such consumer signed the contract sued upon; or

        (B) in which such consumer resides at the commencement of the action."

16.      Consumer debts covered by the Act are usually too small to justify a lawsuit unless the suit is promptly defaulted, thereby enabling the debt collector to obtain—without

incurring significant litigation cost—a judgment that it can use to garnish the debtor's wages. Given the costs of litigation and the difficulties establishing the debt, when a debt collector cannot get payment through phone calls and letters and it has to go to court, the debt collector will often rely on default judgments as the last resort.

*Mark Suesz v. Med-1 Solutions, LLC*, 2014 U.S. App. LEXIS 12562 (7th Cir. Ind. July 2, 2014) Citing *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 940 (7th Cir. 2011).

17.     The 7th Circuit Court of Appeal stated:

One common tactic for debt collectors [to obtain default judgments] is to sue in a court that is not convenient to the debtor, as this makes default more likely; or in a court perceived to be friendly to such claims; or, ideally, in a court having both of these characteristics.

*Id.*

18.     In early 2015, Defendants attempted to collect debt from Plaintiff when Defendants

caused to be filed, three lawsuits in Jay County, Indiana (38D01-1501-CC-000012  filed 1/30/15;

38D01-1501-CC-000013  filed 1/30/15; and  38D01-1502-CC-000015  filed 2/2/15).

19.     The Plaintiff did not reside in Jay County.

20.      Plaintiff did not sign a contract with the original creditor in Jay County.

21.     The summons in all three lawsuits, however, did list the correct address of Plaintiff in

North Liberty – in St. Joe County – yet the Defendants still filed the complaint in the incorrect

county of Jay County.

22.     North Liberty, Indiana is in St. Joe County not Jay County.

23.     Defendants attempted to collect the debt in the wrong venue of Jay County.

24.     Plaintiff was forced to retain private counsel in order to protect his legal rights and

defend the state court action.

25.     Plaintiff paid a sum of money to private counsel for legal services in order to defend the

case in the wrong venue of Jay County thus suffering actual damages.

## Count I – FDCPA

26.     Paragraphs 1-25 are re-alleged here and incorporated through reference.

27.     JBI is a "debt collector" as defined by 15 U.S.C 1692(a)(6).

28.     TSI is a ""debt collector" as defined by 15 U.S.C 1692(a)(6)

29.     Plaintiff is a "consumer" as defined by 15 U.S.C 1692(a)(3).

30.     JBI attempted to collect an alleged financial obligation from the Plaintiff, which qualifies

as a "debt" as defined by 15 U.S.C 1692(a)(5).

31.     TSI attempted to collect an alleged financial obligation from the Plaintiff, which qualifies

as a "debt" as defined by 15 U.S.C 1692(a)(5).

32.     JBI violated 15 U.S.C. § 1692(i) when it caused to be filed lawsuits in a judicial district

other than where the Plaintiff resided or where the contract underlying the debt was signed or

entered into.

33.     TSI violated 15 U.S.C. § 1692(i) when it caused to be filed lawsuits in a judicial district

other than where the Plaintiff resided or where the contract underlying the debt was signed or

entered into.

## Class Allegations

34.     Paragraphs 1-33 are re-alleged here and incorporated through reference.

35.     Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and

(b)(3).

36.     Plaintiff brings Count I on behalf of a class, which consists of:

(a) all natural persons (b) sued by Defendants (c) in an Indiana State Court (d) for a county or
township other than one in which the person being sued resided or signed a contract on which the
debt is based (e) where either the original action was filed, a judgment was obtained, or a

proceeding supplemental was filed (f) one year immediately preceding the filing of this lawsuit until present.

37.     Plaintiff is a member of the class defined in Paragraph 36 of this Class Action Complaint.

38.     The class members are so numerous that joinder is impracticable.  On  information and belief, there are more than 40 members.

39.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Defendants violated 15 U.S.C. 1692(i) when it filed collection lawsuits in judicial district other than ones in which the debtor resided or signed a contract underlying the debt at issue.

40.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously. Plaintiff has retained counsel experienced in consumer class actions as well as consumer credit and debt collection abuse cases.

41.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

42.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

43.     Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual

members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

44.     The identity of the class is likely readily identifiable from Defendants' files or public record.

45.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

46.     Individual cases are less economically feasible.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

a) Statutory damages ($1,000 for Plaintiff and the lesser of $500,000 or 1% of net worth for the class) against Defendants;

b) Reasonable attorney's fees, litigation expenses and costs of suit; and

c) Such other or further relief as the Court deems proper.

Respectfully submitted,

*/s/ Ryan R. Frasher*
Ryan R. Frasher, Esq.
**THE FRASHER LAW FIRM, P.C.**
155 E. Market Street, Ste. 450
Indianapolis, IN 46204
(317) 634-5544 – telephone
(317) 630-4824 – facsimile
rfrasher@frasherlaw.com

/s/Syed Ali Saeed
Syed Ali Saeed
**SAEED & LITTLE, LLP**
1433 N. Meridian Street,
Indianapolis, IN 46202
(317)614-5741

(888)422-3151 (fax)
Ali@SLLawfirm.com

**ATTORNEYS FOR PLAINTIFF
AND PROPOSED CLASS COUNSEL**

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Ryan R. Frasher
Ryan R. Frasher, Esq.
**THE FRASHER LAW FIRM, P.C.**
155 E. Market Street, Ste. 450
Indianapolis, IN 46204
(317) 634-5544 – telephone
(317) 630-4824 – facsimile
rfrasher@frasherlaw.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendants take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

Respectfully submitted,

/s/ Ryan R. Frasher
Ryan R. Frasher, Esq.

**THE FRASHER LAW FIRM, P.C.**
155 E. Market Street, Ste. 450
Indianapolis, IN 46204
(317) 634-5544 – telephone
(317) 630-4824 – facsimile
rfrasher@frasherlaw.com